1  TOWNSEND AND TOWNSEND AND CREW LLP
   GREGORY S. GILCHRIST (Bar # 111536)
2  GIA L. CINCONE (Bar # 141668)
   TIMOTHY R. CAHN (Bar # 162136)
3  Two Embarcadero Center, 8th Floor
   San Francisco, California 94111
4  Telephone: (415) 576-0200
   Facsimile: (415) 576-0300
5  Email: gsgilchrist@townsend.com, glcincone@townsend.com, trcahn@townsend.com

6  Attorneys for Plaintiff
   LEVI STRAUSS & CO.
7

**ORIGINAL
FILED**

JAN 1 2 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8              UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  LEVI STRAUSS & CO.,                    Case No.   **C 07 0245 WDB**

12              Plaintiff,

13         v.                              **COMPLAINT FOR FEDERAL
                                           TRADEMARK INFRINGEMENT;
                                           UNFAIR COMPETITION;
14  SELF EDGE; BLUE IN GREEN; HISTORY      DILUTION; CALIFORNIA
    PRESERVATION ASSOCIATES; TOYO          DILUTION; TRADEMARK
15  ENTERPRISE CO., LTD.; SAMURAI CO.,     INFRINGEMENT AND UNFAIR
    LTD.; STUDIO D'ARTISAN                 COMPETITION (INJUNCTIVE
16  INTERNATIONAL CO., LTD.; BS UNITED;    RELIEF SOUGHT)
    and WORKS INC.,
17                                         **JURY TRIAL DEMAND**
                Defendants.
18

19

20       Plaintiff Levi Strauss & Co. ("LS&CO.") complains against defendants Self Edge, Blue in

21  Green, History Preservation Associates, Toyo Enterprise Company, Ltd. Samurai Company, Ltd.,

22  Studio D'Artisan International Company, Ltd., BS United, and Works Inc. (collectively "Defendants")

23  as follows:

24                              **INTRODUCTION**

25       1.    By this action, plaintiff Levi Strauss & Co. ("LS&CO."), the famous San Francisco

26  jeans maker, seeks to halt ongoing violations of its trademark rights and recover from Defendants all

27  damages allowable by law.  As further alleged below, Defendants have manufactured, offered for sale,

28  advertised, and sold in this judicial district many pairs of jeans which openly imitate a number of

1   trademarks that LS&CO. has used for many years to identify its LEVI'S® brand jeans.

2       2.      The harm to LS&CO. and consumers from Defendants' conduct is manifest.  For well

3   over a century, LS&CO. has manufactured and sold its famous branded jeans products.  LS&CO. each

4   year spends millions of dollars in advertising and marketing to build up the considerable good will it

5   enjoys in its trademarks and its reputation with customers for fine quality products.  The popularity of

6   LS&CO.'s products and the value of LS&CO.'s trademarks will become severely compromised if

7   Defendants are allowed to continue to manufacture and sell imitation jeans.

8       3.      Defendants should be enjoined from continuing their infringement and dilution of

9   LS&CO.'s marks, and should disgorge their profits to LS&CO. from sales of infringing products and

10  compensate LS&CO. for its damages.

11  ## JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT

12      4.      Plaintiff's first, second and third claims arise under the Trademark Act of 1946 (the

13  Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051, et

14  seq.).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b)

15  (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121

16  (Lanham Act).  This Court has supplemental jurisdiction over the remaining state law claims under 28

17  U.S.C. § 1367.

18      5.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants transact

19  affairs in this district and because a substantial part of the events giving rise to the claims asserted

20  arose in this district.

21      6.      Intra-district assignment to any division of the Northern District is proper under Local

22  Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

23  ## PARTIES

24      7.      LS&CO. is a Delaware corporation which has its principal place of business at Levi's

25  Plaza, 1155 Battery Street, San Francisco, California 94111.  Operating since approximately the

26  1850's, LS&CO. is one of the oldest and best known apparel companies in the world.  It manufactures,

27  markets and sells a variety of apparel, including its traditional denim blue jean products.

28      8.      LS&CO. is informed and believes that defendant Self Edge is a California business

COMPLAINT                    - 2 -                    Levi Strauss & Co. v. Self Edge, et al.
                                                      Case No. _____

1   entity located at 714 Valencia Street, San Francisco, California 94110.  LS&CO. is informed and

2   believes that Self Edge distributes and sells lines of clothing, including jeans, under the brand names

3   SUGAR CANE, SAMURAI JEANS, and IRON HEART, among others, which are offered for sale or

4   sold in this judicial district and throughout the United States.  LS&CO. is further informed and

5   believes that Self Edge has authorized, directed, and/or actively participated in the wrongful conduct

6   alleged herein.

7       9.       LS&CO. is informed and believes that defendant Blue in Green is a New York limited

8   liability company located at 8 Greene Street, New York, New York 10013.  LS&CO. is informed and

9   believes that Blue in Green distributes and sells lines of clothing, including jeans, under the brand

10  names SUGAR CANE, SAMURAI JEANS, STUDIO D'ARTISAN, and ONI DENIM, among others,

11  which are offered for sale or sold in this judicial district and throughout the United States.  LS&CO. is

12  further informed and believes that Blue in Green has authorized, directed, and/or actively participated

13  in the wrongful conduct alleged herein.

14      10.       LS&CO. is informed and believes that defendant History Preservation Associates is a

15  New Jersey business entity located in Cherry Hill, New Jersey.  LS&CO. is informed and believes that

16  History Preservation Associates distributes and sells lines of clothing, including jeans, under the brand

17  names SUGAR CANE and BUZZ RICKSON'S, among others, which are offered for sale or sold in

18  this judicial district and throughout the United States.  LS&CO. is further informed and believes that

19  History Preservation Associates has authorized, directed, and/or actively participated in the wrongful

20  conduct alleged herein.

21      11.       LS&CO. is informed and believes that defendant Toyo Enterprise Company, Ltd.

22  ("Toyo") is a Japanese business entity with its principal place of business at 3-5-33-401 Kitaaoyama,

23  Minato-ku, Japan.  LS&CO. is informed and believes that Toyo manufactures and sells lines of

24  clothing, including jeans, under the brand names SUGAR CANE and BUZZ RICKSON'S which are

25  offered for sale or sold in this judicial district and throughout the United States.  LS&CO. is further

26  informed and believes that Toyo has authorized, directed, and/or actively participated in the wrongful

27  conduct alleged herein.

28      12.       LS&CO. is informed and believes that defendant Samurai Co., Ltd. ("Samurai") is a

1   Japanese business entity with its principal place of business at Sebunhaitsukawabel 70 406,

2   Nishinomiya Koshien, Hyogo 663-8177, Japan.  LS&CO. is informed and believes that Samurai

3   manufactures and sells a line of clothing, including jeans, under the brand name SAMURAI which is

4   offered for sale or sold in this judicial district and throughout the United States.  LS&CO. is further

5   informed and believes that Samurai  has authorized, directed, and/or actively participated in the

6   wrongful conduct alleged herein.

7          13.     LS&CO. is informed and believes that defendant Studio D'Artisan International Co.,

8   Ltd. ("Studio D'Artisan") is a Japanese business entity with its principal place of business at 2-11-18

9   Nishishinsaibashi, Chuo-ku, Osaka 542-0086, Japan.  LS&CO. is informed and believes that Studio

10  D'Artisan manufactures and sells a line of clothing, including jeans, under the brand name STUDIO

11  D'ARTISAN which is offered for sale or sold in this judicial district and throughout the United States.

12  LS&CO. is further informed and believes that Studio D'Artisan has authorized, directed, and/or

13  actively participated in the wrongful conduct alleged herein.

14         14.     LS&CO. is informed and believes that defendant BS United Inc. ("BS") is a Japanese

15  business entity with its principal place of business at 3-111-1 Higashihatsuishi, Nagareyama, Japan.

16  LS&CO. is informed and believes that BS manufactures and sells a line of clothing, including jeans,

17  under the brand name ONI DENIM which is offered for sale or sold in this judicial district and

18  throughout the United States.  LS&CO. is further informed and believes that BS has authorized,

19  directed, and/or actively participated in the wrongful conduct alleged herein.

20         15.     LS&CO. is informed and believes that defendant Works Inc. ("Works") is a Japanese

21  business entity with its principal place of business at 6-16-12 Jingumae, Sibuya-ku, 150-0001 Tokyo,

22  Japan.  LS&CO. is informed and believes that Works manufactures and sells a line of clothing,

23  including jeans, under the brand name IRON HEART which is offered for sale or sold in this judicial

24  district and throughout the United States.  LS&CO. is further informed and believes that Works has

25  authorized, directed, and/or actively participated in the wrongful conduct alleged herein.

26                    **FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

27  **LS&CO.'s Use Of Its Trademarks**

28         16.     LS&CO. marks its LEVI'S® brand products with a set of trademarks that are famous

around the world.  For many years prior to the events giving rise to this Complaint and continuing to the present, LS&CO. annually has spent great amounts of time, money, and effort advertising and promoting the products on which its trademarks are used and has sold many millions of these products all over the world, including throughout the United States and in California.  Through this investment and large sales, LS&CO. has created considerable goodwill and a reputation for quality products. LS&CO. continuously has used these trademarks, some for well over a century, to distinguish its products.

17.     Most of LS&CO.'s trademarks are federally registered; all are in full force and effect, and exclusively owned by LS&CO.  LS&CO. continuously has used each of its trademarks, from the registration date or earlier, until the present and during all time periods relevant to LS&CO.'s claims.

**LS&CO.'s Arcuate Stitching Design Trademark**

18.     Among its marks, LS&CO. owns the famous Arcuate Stitching Design Trademark (the "Arcuate trademark"), which consists of a distinctive pocket stitching design that is the oldest known apparel trademark in the United States.  LS&CO. has used the Arcuate trademark continuously since 1873 in interstate commerce on clothing products.  LS&CO. first used the Arcuate trademark on jeans and later used it on trousers, pants, shorts, skirts, shirts and jackets.  Examples of LS&CO.'s use of the Arcuate Trademark on LEVI'S® jeans are attached as Exhibit A.

19.     LS&CO. owns, among others, the following United States and California Registrations for its Arcuate trademark, attached as Exhibit B:

a.     U.S. Registration No. 1,139,254 (first used as early as 1873; registered September 2, 1980);

b.     U.S. Registration No. 404,248 (first used as early as 1873; registered November 16, 1943).

These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

c.     U.S. Registration No. 2,791,156 (first used as early as September 1, 1936; registered December 9, 2003);

d.     U.S. Registration No. 2,794,649 (first used as early as 1873; registered December 16, 2003);

1       e.     California Registration No. 088399 (first used as early as 1873; registered

2 August 24, 1988).

3     20.     The Arcuate trademark is famous and is recognized around the world and throughout

4 the United States by consumers as signifying a high quality LEVI'S® product.

5 **LS&CO.'s Tab Device Trademark**

6     21.     LS&CO. is the owner of the famous Tab Device Trademark (the "Tab trademark"),

7 which consists of a distinctive marker of textile or other material sewn into one of the regular

8 structural seams of the garment. LS&CO. has used the Tab trademark continuously since 1936 in

9 interstate commerce on clothing products. Examples of LS&CO.'s use of the Tab trademark on

10 LEVI'S® jeans are attached as Exhibit C.

11     22.     LS&CO. first began to display the Tab trademark on the rear pocket of its pants in

12 1936 when LS&CO.'s then National Sales Manager, Leo Christopher Lucier, proposed placing a

13 folded cloth ribbon in the structural seams of the rear pocket. The purpose of this "tab" was to provide

14 "sight identification" of LS&CO.'s products. Given the distinctiveness of the Tab trademark, Mr.

15 Lucier noted that "no other maker of overalls can have any other purpose in putting a colored tab on

16 an outside patch pocket, unless for the express and sole purpose of copying our mark, and confusing

17 the customer."

18     23.     LS&CO. owns, among others, the following United States Registrations for its Tab

19 trademark, attached as Exhibit D:

20     a.     Registration No. 356,701 (first used as early as September 1, 1936; registered

21 May 10, 1938);

22     b.     Registration No. 516,561 (first used as early as September 1, 1936; registered

23 October 18, 1949);

24     c.     Registration No. 577,490 (first used as early as September 1, 1936; registered

25 July 21, 1953);

26     d.     Registration No. 774,625 (first used as early as May 22, 1963; registered

27 August 4, 1964);

28     e.     Registration No. 775,412 (first used as early as October 9, 1957; registered

1   August 18, 1964);

2            f.      Registration No. 1,157,769 (first used as early as September 1, 1936; registered

3   June 16, 1961).

4   These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

5            g.      Registration No. 2,791,156 (first used as early as September 1, 1936; registered

6   December 9, 2003).

7   **LS&CO.'s Shirt Tab Trademark**

8       24.    LS&CO. is also the owner of the famous Shirt Tab Device Trademark (the "Shirt Tab

9   trademark"), which consists of a distinctive tab or marker of textile material appearing on and affixed

10  permanently to the exterior of a shirt pocket.  LS&CO. has used the Shirt Tab trademark continuously

11  since 1969 in interstate commerce on clothing products.  Examples of LS&CO.'s use of the Tab

12  trademark on LEVI'S® jeans are attached as Exhibit E.

13      25.    LS&CO. owns, among others, the following United States and California Registrations

14  for its Shirt Tab trademark, attached as Exhibit F:

15           a.      U.S. Registration No. 2,726,253 (first used as early as March 7, 1969;

16  registered June 17, 2003);

17           b.      California Registration No. 052312 (first used as early as March 7, 1969;

18  registered June 12, 1974).

19  **LS&CO.'s Housemark Design Trademark**

20      26.    LS&CO. is the owner of the Housemark Design Trademark (hereinafter "Housemark

21  trademark").  LS&CO. first used the Housemark trademark in 1966 to identify genuine LEVI'S®

22  products.  Examples of LS&CO.'s use of the Housemark trademark are attached as Exhibit G.

23      27.    LS&CO. owns, among others, the following United States Registrations for its

24  Housemark trademark, attached as Exhibit H:

25           a.      Registration No. 849,437 (first used as early as October 10, 1966; registered

26  May 21, 1968);

27           b.      Registration No. 1,135,196 (first used as early as April 15, 1975; registered

28  May 13, 1980);

1          c.      Registration No. 1,041,846 (first used as early as April 15, 1975; registered

2   June 22, 1976);

3          d.      Registration No. 1,122,468 (first used as early as October 22, 1977; registered

4   July 17, 1979);

5          e.      Registration No. 1,155,926 (first used as early as December 1970; registered

6   May 26, 1981).

7   These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

8   **LS&CO.'s Two Horse Design Trademark**

9          28.    LS&CO. is the owner of the Two Horse Design and Two Horse Label Design

10  Trademarks (hereinafter "Two Horse trademarks"): LS&CO. first used the Two Horse trademarks in

11  1886 to identify genuine LEVI'S® products. Examples of the Two Horse trademarks are attached as

12  Exhibit I.

13         29.    LS&CO. owns, among others, the following United States Registrations for its Two

14  Horse trademarks, attached as Exhibit J:

15         a.      Registration No. 523,665 (first used as early as January 1, 1886; registered

16  April 1, 1950);

17         b.      Registration No. 1,140,853 (first used as early as January 1, 1886; registered

18  October 28, 1980).

19  These registrations have become incontestable under the provisions of 15 U.S.C. § 1065.

20  **Defendants' Infringement of LS&CO.'s Trademarks**

21         30.    LS&CO. is informed and believes that defendant Toyo has in the past and continues to

22  manufacture, source, market and/or sell SUGAR CANE and BUZZ RICKSON'S jeans that display

23  designs that are confusingly similar to LS&CO.'s Arcuate, Tab, Shirt Tab, and Housemark trademarks.

24  These designs include, without limitation, the designs shown in Exhibit K (the "Sugar Cane designs")

25  and Exhibit L (the "Buzz Rickson's designs").

26         31.    LS&CO. is informed and believes that defendants Toyo, Self Edge, Blue in Green, and

27  History Preservation Associates have manufactured, marketed, distributed, and/or sold substantial

28  quantities of products bearing the Sugar Cane and Buzz Rickson's designs and others like them, and

1 | have obtained and continue to obtain substantial profits thereby.

2 |      32.    LS&CO. is informed and believes that defendant Samurai has in the past and continues

3 | to manufacture, source, market and/or sell SAMURAI jeans that display designs that are confusingly

4 | similar to LS&CO.'s Arcuate and Tab trademarks.  These designs include, without limitation, the

5 | designs shown in Exhibit M (the "Samurai designs").

6 |      33.    LS&CO. is informed and believes that defendants Samurai, Self Edge, and Blue in

7 | Green have manufactured, marketed, distributed, and/or sold substantial quantities of products bearing

8 | the Samurai designs and others like them, and have obtained and continue to obtain substantial profits

9 | thereby.

10 |      34.    LS&CO. is informed and believes that defendant Studio D'Artisan has in the past and

11 | continues to manufacture, source, market and/or sell STUDIO ARTISAN jeans that display designs

12 | that are confusingly similar to LS&CO.'s Arcuate, Tab, and Two Horse trademarks.  These designs

13 | include, without limitation, the designs shown in Exhibit N (the "Studio D'Artisan designs").

14 |      35.    LS&CO. is informed and believes that defendants Studio D'Artisan and Blue in Green

15 | have manufactured, marketed, distributed and/or sold substantial quantities of products bearing the

16 | Studio D'Artisan designs and others like them, and have obtained and continue to obtain substantial

17 | profits thereby.

18 |      36.    LS&CO. is informed and believes that defendant BS has in the past and continues to

19 | manufacture, source, market and/or sell ONI DENIM jeans that display designs that are confusingly

20 | similar to LS&CO.'s Arcuate and Tab trademarks.  These designs include, without limitation, the

21 | designs shown in Exhibit O (the "Oni designs").

22 |      37.    LS&CO. is informed and believes that defendants BS and Blue in Green have

23 | manufactured, marketed, distributed, and/or sold substantial quantities of products bearing the Oni

24 | designs and others like them, and have obtained and continue to obtain substantial profits thereby.

25 |      38.    LS&CO. is informed and believes that defendant Works has in the past and continues

26 | to manufacture, source, market and/or sell IRON HEART jeans that display designs that are

27 | confusingly similar to LS&CO.'s Arcuate, Tab, and Two Horse trademarks.  These designs include,

28 | without limitation, the designs shown in Exhibit P (the "Iron Heart designs").

39.     LS&CO. is informed and believes that defendants Works and Self Edge have manufactured, marketed, distributed, and/or sold substantial quantities of products bearing the Iron Heart designs and others like them, and have obtained and continue to obtain substantial profits thereby.

40.     LS&CO. is informed and believes that Defendants' distribution and sale of infringing products as set forth in this Complaint has resulted in actual confusion among consumers, and that Defendants are aware of such confusion.

41.     Defendants' actions have caused and will cause LS&CO. irreparable harm for which money damages and other remedies are inadequate.  Unless Defendants are restrained by this Court, Defendants will continue and/or expand the illegal activities alleged in this Complaint and otherwise continue to cause great and irreparable damage and injury to LS&CO. by, among other things:

a.    Depriving LS&CO. of its statutory rights to use and control use of its trademarks;

b.    Creating a likelihood of confusion, mistake and deception among consumers and the trade as to the source of the infringing products;

c.    Causing the public falsely to associate LS&CO. with Defendants or vice versa;

d.    Causing incalculable and irreparable damage to LS&CO.'s goodwill and diluting the capacity of its trademarks to differentiate LEVI'S® products from others; and

e.    Causing LS&CO. to lose sales of its genuine clothing products.

42.     Accordingly, in addition to other relief sought, LS&CO. is entitled to preliminary and permanent injunctive relief against Defendants and all persons acting in concert with them.

## FIRST CLAIM
## FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. §§ 1114-1117; Lanham Act § 32)

43.     LS&CO. realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 42 of this Complaint.

44.     Without LS&CO.'s consent, Defendants have used, in connection with the sale,

1  offering for sale, distribution or advertising of Defendants' goods, designs that infringe upon

2  LS&CO.'s registered Arcuate, Tab, Housemark, and Two Horse trademarks.

3      45.     These acts of trademark infringement have been committed with the intent to cause

4  confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

5      46.     As a direct and proximate result of Defendants' infringing activities, LS&CO. has

6  suffered substantial damage.

7      47.     Defendants' infringement of LS&CO.'s trademarks as alleged herein is an exceptional

8  case and was intentional, entitling LS&CO. to treble its actual damages and to an award of attorneys'

9  fees under 15 U.S.C. §§ 1117(a) and 1117(b).

10                          **SECOND CLAIM**

11                  **FEDERAL UNFAIR COMPETITION**
               **(False Designation of Origin and False Description)**
12                  **(15 U.S.C. § 1125(a); Lanham Act § 43(a))**

13      48.     LS&CO. realleges and incorporates by reference each of the allegations contained in

14  paragraphs 1 through 47 of this Complaint.

15      49.     Defendants' conduct constitutes the use of symbols or devices tending falsely to

16  describe the infringing products, within the meaning of 15 U.S.C. § 1125(a)(1).  Defendants' conduct

17  is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection,

18  association, origin, sponsorship or approval of the infringing products to the detriment of LS&CO. and

19  in violation of 15 U.S.C. § 1125(a)(1).

20      50.     As a direct and proximate result of Defendants' infringing activities, LS&CO. has

21  suffered substantial damage.

22                          **THIRD CLAIM**

23                  **FEDERAL DILUTION OF FAMOUS MARKS**
                  **(Federal Trademark Dilution Act of 1995)**
24                  **(15 U.S.C. § 1125(c); Lanham Act § 43(c))**

25      51.     LS&CO. realleges and incorporates by reference each of the allegations contained in

26  paragraphs 1 through 50 of this Complaint.

27      52.     LS&CO.'s Arcuate, Tab, Housemark, and Two Horse trademarks are distinctive and

28  famous within the meaning of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c), as

1   amended.

2      53.    Defendants' activities have diluted the distinctive quality of LS&CO.'s trademarks in

3   violation of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

4      54.    LS&CO. is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

5      55.    Because Defendants willfully intended to trade on LS&CO.'s reputation or to cause

6   dilution of LS&CO.'s famous trademarks, LS&CO. is entitled to damages, extraordinary damages,

7   fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

8                          **FOURTH CLAIM**
                    **CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT**
9                    **(Cal. Bus. & Prof. Code §§ 14320, 14330, 14335, 14340)**

10     56.    LS&CO. realleges and incorporates by reference each of the allegations contained in

11  paragraphs 1 through 55 of this Complaint.

12     57.    Defendants' infringement of LS&CO.'s federal and state registered trademarks is likely

13  to cause consumer confusion and dilution of LS&CO.'s trademarks in violation of California Business

14  & Professions Code §§ 14320, 14330, and 14335.

15     58.    Defendants infringed and diluted LS&CO.'s trademarks with knowledge and intent to

16  cause confusion, mistake or deception.

17     59.    Defendants' conduct is aggravated by that kind of willfulness, wantonness, malice and

18  conscious indifference to the rights and welfare of LS&CO. for which California law allows the

19  imposition of exemplary damages.

20     60.    Pursuant to California Business & Professions Code § 14340, LS&CO. is entitled to

21  injunctive relief and damages in the amount of three times Defendants' profits and three times all

22  damages suffered by LS&CO. by reason of Defendants' manufacture, use, display or sale of infringing

23  goods.

24                          **FIFTH CLAIM**
                    **CALIFORNIA UNFAIR COMPETITION**
25                    **(Cal. Bus. & Prof. Code § 17200)**

26     61.    LS&CO. realleges and incorporates by reference each of the allegations contained in

27  paragraphs 1 through 60 of this Complaint.

28     62.    Defendants' infringement of LS&CO.'s trademarks constitutes "unlawful, unfair or

1 │ fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or misleading advertising" within

2 │ the meaning of California Business & Professions Code § 17200.

3 │       63.    As a consequence of Defendants' actions, LS&CO. is entitled to injunctive relief and

4 │ an order that Defendants disgorge all profits on the manufacture, use, display or sale of infringing

5 │ goods.

6 │ **PRAYER FOR JUDGMENT**

7 │     WHEREFORE, LS&CO. prays that this Court grant it the following relief:

8 │       64.    Adjudge that LS&CO.'s trademarks have been infringed by Defendants in violation of

9 │ LS&CO.'s rights under common law, 15 U.S.C. § 1114, and/or California law;

10 │       65.    Adjudge that Defendants have competed unfairly with LS&CO. in violation of

11 │ LS&CO.'s rights under common law, 15 U.S.C. § 1125(a), and/or California law;

12 │       66.    Adjudge that Defendants' activities are likely to, or have, diluted LS&CO.'s famous

13 │ trademarks in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1125(c), and/or

14 │ California law;

15 │       67.    Adjudge that Defendants and each of their agents, employees, attorneys, successors,

16 │ assigns, affiliates, and joint venturers and any person(s) in active concert or participation with any of

17 │ them, and/or any person(s) acting for, with, by, through or under any of them, be enjoined and

18 │ restrained at first during the pendency of this action and thereafter permanently from:

19 │         a.    Manufacturing, producing, sourcing, importing, selling, offering for sale,

20 │ distributing, advertising, or promoting any goods that display any words or symbols that so resemble

21 │ LS&CO.'s trademarks as to be likely to cause confusion, mistake or deception, on or in connection

22 │ with any product that is not authorized by or for LS&CO., including without limitation any product

23 │ that bears the Defendants' designs or any other similar approximation of LS&CO.'s trademarks;

24 │         b.    Using any word, term, name, symbol, device or combination thereof that causes

25 │ or is likely to cause confusion, mistake or deception as to the affiliation or association of Defendants

26 │ or their goods with LS&CO. or as to the origin of Defendants' goods, or any false designation of

27 │ origin, false or misleading description or representation of fact;

28 │         c.    Further infringing the rights of LS&CO. in and to any of its trademarks in its

1   LEVI'S® brand products or otherwise damaging LS&CO.'s goodwill or business reputation;

2               d.     Otherwise competing unfairly with LS&CO. in any manner; and

3               e.     Continuing to perform in any manner whatsoever any of the other acts

4   complained of in this Complaint;

5        68.    Adjudge that Defendants be required immediately to supply LS&CO.'s counsel with a

6   complete list of individuals and entities from whom or which they purchased, and to whom or which

7   they sold, offered for sale, distributed, advertised or promoted, infringing products as alleged in this

8   Complaint;

9        69.    Adjudge that Defendants be required immediately to deliver to LS&CO.'s counsel their

10  entire inventory of infringing products, including without limitation pants and any other clothing,

11  packaging, labeling, advertising and promotional material and all plates, patterns, molds, matrices and

12  other material for producing or printing such items, that is in Defendants' possession or subject to

13  their control and that infringes LS&CO.'s trademarks as alleged in this Complaint;

14       70.    Adjudge that Defendants, within thirty (30) days after service of the judgment

15  demanded herein, be required to file with this Court and serve upon LS&CO.'s counsel a written

16  report under oath setting forth in detail the manner in which they have complied with the judgment;

17       71.    Adjudge that LS&CO. recover from Defendants its damages and lost profits in an

18  amount to be proven at trial,

19       72.    Adjudge that Defendants be required to account for any profits that are attributable to

20  their illegal acts, and that LS&CO. be awarded the greater of (1) three times Defendants' profits or (2)

21  three times any damages sustained by LS&CO., under 15 U.S.C. § 1117, plus prejudgment interest;

22       73.    Order an accounting of and impose a constructive trust on all of Defendants' funds and

23  assets that arise out of Defendants' infringing activities;

24       74.    Adjudge that Defendants be required to pay LS&CO. punitive damages for their

25  oppression, fraud, malice and gross negligence, whether grounded on proof of actual damages

26  incurred by LS&CO. or on proof of Defendants' unjust enrichment;

27       75.    Adjudge that LS&CO. be awarded its costs and disbursements incurred in connection

28  with this action, including LS&CO.'s reasonable attorneys' fees and investigative expenses; and

1    76.    Adjudge that all such other relief be awarded to LS&CO. as this Court deems just and

2    proper.

3

4    DATED: January 12, 2007                Respectfully submitted,

5

6                                           By: _Gia L. Cincone_

7                                           Gia L. Cincone
                                            TOWNSEND AND TOWNSEND AND CREW LLP
8                                           Two Embarcadero Center, Eighth Floor
                                            San Francisco, California 94111
9                                           Telephone: (415) 576-0200
                                            Facsimile: (415) 576-0300

10
                                            Attorneys for Plaintiff
11                                          LEVI STRAUSS & CO.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                          **DEMAND FOR JURY TRIAL**

2          LS&CO. demands that this action be tried to a jury.

3

4    DATED:  January 12, 2007              Respectfully submitted,

5

6                                          By:  _____
                                                Gia L. Cincone
7                                               TOWNSEND AND TOWNSEND AND CREW LLP
                                                Two Embarcadero Center, Eighth Floor
8                                               San Francisco, California  94111
                                                Telephone: (415) 576-0200
9                                               Facsimile: (415) 576-0300

10                                              Attorneys for Plaintiff
                                                LEVI STRAUSS & CO.
11

12                  **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

13          Pursuant to Civil L. R. 3-16, the undersigned certifies that as of this date, other than the named

14   parties, there is no such interest to report.

15

16   DATED:  January 12, 2007              Respectfully submitted,

17

18                                         By:  _____
                                                Gia L. Cincone
19                                              TOWNSEND AND TOWNSEND AND CREW LLP
                                                Two Embarcadero Center, Eighth Floor
20                                              San Francisco, California  94111
                                                Telephone: (415) 576-0200
21                                              Facsimile: (415) 576-0300

22                                              Attorneys for Plaintiff
                                                LEVI STRAUSS & CO.
23

24   60956052 v1

25

26

27

28

COMPLAINT                              - 16 -                Levi Strauss & Co. v. Self Edge, et al.
                                                            Case No. _____